NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

IN RE: MH2018-004459

No. 1 CA-MH 18-0061
FILED 6-13-2019

Appeal from the Superior Court in Maricopa County
No. MH2018-004459
The Honorable Thomas Marquoit, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Anne C. Longo, Joseph J. Branco
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Anne H. Phillips
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge James B. Morse Jr. joined.

---

**C R U Z**, Judge:

¶1 Appellant appeals the superior court's order committing him to involuntary treatment for a period not to exceed 365 days, with inpatient treatment not to exceed 180 days. Appellant argues the order should be vacated because he enjoyed a confidential professional-client relationship with one of two acquaintance witnesses who testified at the hearing. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 Appellant was arrested and charged with felony criminal damage for throwing rocks at a Phoenix Public Library window. Following a Rule 11 evaluation and participation in the Maricopa County Correctional Health Services Restoration to Competency Program, in the Final Competency Report the doctors concluded Appellant was not competent to stand trial and not restorable. The superior court ordered the criminal charges dismissed and that Appellant be transported to Desert Vista Hospital for psychiatric evaluation.

¶3 The county attorney filed an application for involuntary evaluation, pursuant to the superior court's order. After evaluating Appellant, one treating doctor filed a petition for court-ordered treatment alleging that Appellant was persistently or acutely disabled and unwilling to accept voluntary treatment. As required by Arizona Revised Statutes ("A.R.S.") section 36-544(B), the petition was supported by the affidavits of Drs. H. and G. Their probable diagnoses were "Schizoaffective Disorder" and "Unspecified Schizophrenia Spectrum and Other Psychotic Disorder." Both doctors concluded that Appellant required inpatient psychiatric treatment and attached addendums to the affidavits explaining how Appellant was persistently or acutely disabled.

¶4         In the affidavit, Dr. H. explained Appellant's thought process was "grossly disorganized and loose" and this "thought content included paranoia, bizarre delusions, and ideas of reference." Dr. H. also noted Appellant's history of non-compliance with medication. Dr. H. stated in the addendum Appellant is "currently suffering from symptoms of severe psychosis," which made him "unable to make an informed decision regarding treatment."

¶5         In the second affidavit, Dr. G. explained that Appellant had "difficulty maintaining a coherent thought" and showed "loosening of associations." Dr. G. also explained Appellant had "numerous symptoms of psychosis," including "hallucinations, delusions, and disorganization of thought and speech." Further, Dr. G. noted in the addendum that Appellant refused medication, not recognizing the severity of Appellant's illness.

¶6         The court held a hearing on the petition for court-ordered treatment on July 27, 2018. Two witnesses testified at the hearing, including B.O., a Desert Vista employee who observed and treated Appellant while he was a patient, and J.D., a mental health associate with Maricopa County Correctional Health Services. Appellant objected to J.D. testifying as an acquaintance witness, arguing J.D. had a confidential professional-client relationship with Appellant pursuant to A.R.S. § 32-3283(A). The court allowed J.D.'s testimony, finding she did not provide behavioral health services to Appellant. The court accepted Appellant's belief that his conversation with J.D. was confidential, but found J.D. reliable when she testified that Appellant signed a confidentiality waiver at intake when booked in the jail.

¶7         Based on the evidence presented, the court found by clear and convincing evidence that as a result of a mental disorder, Appellant was persistently or acutely disabled, in need of psychiatric treatment, and unwilling or unable to accept treatment voluntarily. The court also found there were "no appropriate and available alternatives other than court ordered treatment at this time." The court ordered Appellant to undergo a combined inpatient/outpatient treatment program for no longer than 365 days, with a maximum inpatient treatment of 180 days.

¶8         Appellant timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-2101(A)(10)(a) and 36-546.01.

**DISCUSSION**

¶9   On appeal, Appellant does not challenge the physicians' affidavits or conclusions. Appellant argues only that the involuntary treatment order should be vacated because the court erred by allowing improper acquaintance witness testimony. We disagree.

¶10   We review the facts in the light most favorable to upholding the superior court's judgment and will not set aside the court's findings unless clearly erroneous. *In re MH 2008-002596*, 223 Ariz. 32, 35, ¶ 12 (App. 2009) (citation omitted). Because involuntary treatment strongly implicates the patient's liberty interests, "statutory requirements must be strictly construed and followed." *Id.* (citation omitted). We review issues of statutory interpretation *de novo*. *In re MH 2001-001139*, 203 Ariz. 351, 353, ¶ 8 (App. 2002).

¶11   Appellant contends that J.D. was not a qualified acquaintance witness because she had a professional-client relationship with Appellant under A.R.S. § 32-3283(A), and testifying would violate confidentiality. Section 32-3283(A) states, a

> confidential relationship between a client and a licensee, . . . is the same as between an attorney and a client. Unless a client waives this privilege in writing or in court testimony, a licensee shall not voluntarily or involuntarily divulge information that is received by reason of the confidential nature of the behavioral health professional-client relationship.

Section 32-3251(2) defines client as a "patient who receives behavioral health services from a person licensed pursuant to this chapter;" and A.R.S. § 32-3251(8) provides, the "[p]ractice of behavioral health" includes "professional counseling."

¶12   Under A.R.S. § 36-539(B), evidence presented at the treatment hearing "shall include the testimony of two or more witnesses acquainted with the patient at the time of the alleged mental disorder." The acquaintance witness requirement is designed to supplement the psychiatric evaluations with an "informal, day-to-day observation of [the patient]," to "give the court a perspective of the patient different from that of the professionals who examined the patient as part of the commitment evaluation process." *MH 2001-001139*, 203 Ariz. at 355, ¶¶ 24-25. Acquaintance testimony of medical personnel who are not part of the statutorily defined evaluation team satisfies the requirements under A.R.S.

§ 36-539(B). *See In re Commitment of an Alleged Mentally Disordered Person, MH-1425*, 181 Ariz. 290, 293 (1995); *In re MH 2001-001139*, 203 Ariz. at 355, ¶¶ 24-25.

**¶13** J.D. was one of two acquaintance witnesses; she worked as a mental health associate at the Lower Buckeye Jail. J.D. testified that during Appellant's stay at the unit, she met with him once for five minutes in the medical clinic, and asked about his sleep, appetite, and mood. This meeting was to check in with Appellant and ensure "safety and stability in the jail setting for the inmates," not to provide Appellant counseling or psychotherapy. During their meeting, she observed bizarre behavior, and believed Appellant needed mental health stabilization. Based on her observations, she concluded that he was not capable of getting help on his own. J.D. was not part of the statutorily defined evaluation team. *See MH 2001-001139*, 203 Ariz. at 355, ¶ 23. Nothing in the record suggests that J.D. provided behavioral health services to Appellant thereby establishing a confidential relationship. Nor does the record suggest that J.D. and Appellant's interaction rose to the level of behavioral health services. And Appellant cites no authority or support in the record suggesting otherwise. Accordingly, the superior court did not err.

**¶14** Appellant next argues the superior court erred because "the petitioner only presented one acquaintance witness who qualified under A.R.S. § 36-539(B)." Because we conclude that J.D.'s testimony met the statutory standard and the superior court did not err by allowing her testimony, the A.R.S. § 36-539(B) requirement of two or more acquaintance witnesses is met and Appellant's argument fails.

**CONCLUSION**

**¶15** For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED: AA